**E. I. F. C., INC., Formerly Educators Investment Finance Corporation, Appellant,**

v.

**E. E. ATNIP et al., Appellees.**

Court of Appeals of Kentucky.

April 24, 1970.

Rehearing Denied June 26, 1970.

Max M. Smith, John D. Darnell, Chancellor & Darnell, Frankfort, for appellant.

John B. Blackburn, Paducah, for appellees.

CLAY, Commissioner.

This is an appeal from so much of a judgment as directs appellant corporation to permit appellees to examine its stockholders' ledgers. The enforcement of this judgment has been heretofore suspended and it is unnecessary to consider pending motions.

Appellees are registered stockholders in the appellant corporation. In July 1968 the majority of stockholders voted to sell its assets to another Kentucky corporation. Shortly thereafter appellees filed this suit demanding the right to examine all of appellant's corporate records. While this suit was pending appellees brought a separate suit under KRS 271.490(1) to establish and recover the fair market value of their stock. The single issue presented is whether appellees waived their right under KRS 271.395(4) to examine the stockholders' ledgers when they proceeded by separate suit to recover the fair market value of their shares.

KRS 271.395(4) provides that every shareholder shall have the right to examine corporate records for "any proper corporate purpose". KRS 271.490(1) grants certain rights to dissenting share-

holders when the corporation becomes party to a merger or consolidation agreement. The objecting shareholder has the option to institute an equitable action (a) to recover the fair market value of his shares, or (b) to set aside the corporate action objected to. He may pursue either of these remedies but not both.

It is appellant's contention that when appellees elected to recover the value of their shares they had committed themselves to sell their stock and they could have no further legitimate interest in the list of stockholders shown on the corporate ledgers. It is argued appellees could no longer have a "proper corporate purpose" in examining this particular record. On its face this argument appears plausible but the proof taken by affidavit fairly establishes the contrary.

The affidavits of several stockholders are to the effect that the purpose of examining the stockholders' ledgers is to enable them to establish the fair market value of their stock. It is asserted that an examination of these records will show what others have paid for their stock in a free, open and competitive market; that these records will reveal transactions between individual stockholders and the prices paid for stock; that it would be impossible to show comparative sales of stock without the examination of these records; and that there is no other way this information could be obtained.

In the light of this uncontradicted proof, a proper corporate purpose was shown by appellees, and since admittedly they are still shareholders in the appellant corporation, they are entitled to exercise the rights granted by KRS 271.395(4). Since the purpose of examination is consistent with the proceeding to recover the fair market value of their stock, the institution of the action under KRS 271.490(1) could not

be held a waiver of their rights as shareholders.[1]

The judgment is affirmed.

All concur.

---

1. It occurs to us that the dissenting stockholders would probably have the right to subpoena these records for the purpose indicated in the proceeding under KRS 271.490(1).